(C. D. 1741)

WINTON WATCH CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided November 23, 1955)

*Lane, Young & Fox* (*William H. Fox* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Richard H. Welsh*, trial attorney), for the defendant.
*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) as *amicus curiae*.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge: The importation under consideration here consists of round wristwatch movements of the type known as automatic or self-winding, and having over 1 but not over 17 jewels.

The collector of customs classified the merchandise pursuant to the provisions of paragraph 367 (a) (1) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 367 (a) (1)), as modified by the trade agreement with Switzerland (69 Treas. Dec. 74, T. D. 48093), and imposed duty thereon at the base rate of $1.20 each as movements more than $\%_0$ of 1 inch but not more than 1 inch wide.

It is claimed by plaintiff that the articles properly fall within the terms of said paragraph 367 (a) (1), as modified, *supra*, as watch movements more than 1 inch but less than 1.77 inches wide, and dutiable at the base rate of 90 cents each.

The classification and assessment with duty on jewels in excess of seven in paragraph 367 (a) (3) (19 U. S. C. § 1001, par. 367 (a) (3)), and for the self-winding device in paragraph 367 (a) (5) of said act (19 U. S. C. § 1001, par. 367 (a) (5)), as modified, *supra*, are not contested.

The pertinent text of the statutes involved is here set forth—

Paragraph 367 (a) (1) of the Tariff Act of 1930, as modified, *supra*:

Watch movements, and time-keeping, time-measuring, or time-indicating mechanisms, devices, and instruments, whether or not designed to be worn or carried on or about the person, all the foregoing, if less than 1.77 inches wide and not having more than 17 jewels, whether or not in cases, containers, or housings:
(1) If more than 1 inch wide_____ $0.90 each.
If more than $\%_0$ of 1 inch but not more than 1 inch wide_ $1.20 each.

Paragraph 367 (h) of the Tariff Act of 1930:

For the purposes of this paragraph the width of any movement, mechanism, device, or instrument, shall be the shortest surface dimension through the center of the pillar or bottom plate, or its equivalent, not including in the measurement any portion not essential to the functioning of the movement, mechanism, device, or instrument.

As an aid to a better understanding of the testimonial record, plaintiff introduced the following exhibits which were received in evidence:

Exhibit 1 represents the subject movements.

Illustrative exhibit 2, a pillar or bottom plate, identical to the pillar or bottom plate on exhibit 1.

Illustrative exhibit 3, a standard size pillar or bottom plate of an ordinary 11½-ligne movement, which is not of the self-winding type.

Collective illustrative exhibit 4, sample of a case required for the casing of a movement like exhibit 1. The exhibit consists of four parts—the bezel which holds the crystal, the back which is screwed into the bezel after the movement is inserted, an aluminum ring, and a thin gasket.

Illustrative exhibit 5, a movement without the winding stem, dial, and hands, identical to exhibit 1, introduced in evidence for the purpose of demonstrating how exhibit 1 is cased.

Illustrative exhibit 6, an 11-ligne movement, which represents the A. S. 1250 model (exhibit 1) before it was redesigned as an 11½ ligne.

Collective exhibit 7 represents illustrative exhibit 6 in a cased condition and shows the position of the rotor or pendulum with relation to the inside of the case.

It should be interpolated at this point that "11½ ligne" and "11 ligne," referred to above, are French measurements, fractionally · greater or less, respectively, than a linear inch.

At the trial, prior to the introduction of the testimony, plaintiff offered in evidence a stipulation with reference to the measurement, classification, and so forth, of the 300 watch movements, represented by exhibit 1, to which no objection was made by defendant, and it was ordered filed with the official papers. The stipulation reads as follows:

It is hereby stipulated and agreed between counsel for the respective parties, subject to the approval of the Court, as follows:

1. The merchandise covered by the above-entitled protest consists of 300 self-winding watch movements represented by the sample submitted herewith and marked Exhibit 1, assessed for duty by the Collector as watch movements more than 9/10 of 1 inch but not more than 1 inch wide, at the base rate of $1.20 each, under Paragraph 367 (a) (1) of the Tariff Act of 1930, as modified by the Trade Agreement with Switzerland (T. D. 48093), and claimed by plaintiff to be dutiable thereunder as watch movements more than 1 inch but less than 1.77 inches wide, at the base rate of 90 cents each.

2. The width of the said movements, for the purpose of assessing the base rate, was taken by the Collector to be the surface dimension through the center of the pillar or bottom plate of said movements as measured from the outside edge of the so-called bumper plates on the one side, to the outside edge of the so-called pendulum on the opposite side of the said pillar or bottom plate; and the said surface dimension is .942 of an inch.

3. Plaintiff limits its protest to the claim that for the purpose of assessing the base rate the width of said movements is greater in fact and in law than as determined by the Collector, and specifically, and without limiting the generality of the foregoing, plaintiff claims that the width of the said watch movements, for such

purpose, should be taken to be the entire surface dimension through the center of the pillar or bottom plate of said movements from the edge of said plate to the opposite edge thereof; and that the said entire surface dimension is 1.008 inches.

4. The assessments for jewels in excess of seven, under Paragraph 367 (a) (3), and for the self-winding construction of the movements, under Paragraph 367 (a) (5) of said Act, as modified, are not contested by plaintiff.

5. The so-called dial side of the pillar or bottom plate of the said movements is the side of the plate on which the dial and hands of the movements appear, and the so-called assembly side of said plate is the side thereof on which the other watch parts of the movements appear.

6. Either party may introduce further proof as to any material and relevant matter or fact involved in this case, not inconsistent with this stipulation.

## Plaintiff states the issue before the court as follows:

Thus, the question presented to the Court for determination in this case is whether or not the instant watch movements are under or over 1 inch in width for the purpose of assessing the base rate of duty provided by Paragraph 367 (a) (1). If in fact and in law they are over 1 inch and less than 1.77 inches wide, as claimed by plaintiff, when measured pursuant to the method prescribed by Paragraph 367 (h) as construed by the Customs Courts, then the assessment by the Collector is erroneous and the base rate of 90 cents each is applicable. If they are between $\frac{9}{10}$ of 1 inch but not more than 1 inch wide, as determined by the Collector, then the base rate of $1.20 each assessed by him is correct.

## Enlarging upon the foregoing statement, plaintiff contends in argument that—

THE DIMENSION FROM EDGE TO EDGE THROUGH THE CENTER ON THE ASSEMBLY SIDE OF THE PILLAR PLATE OF EXHIBIT 1 IS THE SHORTEST SURFACE DIMENSION ESSENTIAL TO THE FUNCTIONING OF THE MOVEMENTS REPRESENTED BY SAID EXHIBIT, IN FACT, AND WITHIN THE CONGRESSIONAL INTENT IN ENACTING PARAGRAPH 367 (A) (1) AND (H).

## Defendant states the issue in this way—

1. Whether or not the measurement made by the Collector from the outside edge of the bumper plate through the center on the assembly side of the pillar or bottom plate to the outside edge of the pendulum on the opposite side, represents the shortest surface dimension through the center of the pillar or bottom plate essential to the functioning of the movement.   Or

2. Whether or not the shortest surface dimension essential to the functioning of the movement should be determined from a measurement through the center or assembly side of said plate from the outside edge on one side to the outside edge on the opposite side,—in other words, the entire surface dimension of the assembly side.

The first witness called by plaintiff was Joseph Skalet, vice president of the plaintiff company.  He testified at length concerning the structure, operation, and functions of watch movements and watches. At the close of his testimony, plaintiff presented four additional witnesses, namely, Saul Bisalis, foreman and chief watchmaker of the plaintiff company; M. Laskin, buyer of watches at wholesale for the firm of A. Cohen & Sons, Inc.; Edward Trauner, who is associated

with the Zodiac Watch Co., the Clebar Watch Co., and the Edward Trauner Co., all of which are engaged in the wholesale watch business; and Henry Diamond, foreman and chief watchmaker of the Longines Wittnauer Watch Co. It was agreed by adversary counsel that if these men were placed on the witness stand their testimony would be substantially the same as that given by the witness Skalet.

Defendant introduced the testimony of three witnesses—Aaron Balmages, a graduate watchmaker and watch expert, Harry Frumess, an examiner of watches and clocks, both of whom are employed in the office of the United States appraiser at the port of New York, and Donald W. Leverens, who, for 30 years had been employed by the Elgin Watch Co. in various important capacities. It was also agreed between counsel that Ernest Drescher of the Hamilton Watch Co. would, if called to the witness stand, give substantially the same testimony as that given by Leverens, except as to his statements with reference to the manufacture of self-winding watches since the Hamilton Watch Co. does not manufacture that type of watches.

All of the witnesses were men of wide experience and well informed upon the subject matter of this controversy.

Little, if anything, would be gained by a detailed analysis of the testimonial record. The essence of the evidence offered by the plaintiff is to the effect that the measurement contended for is necessary for the proper functioning of the movement when cased as an 11½-ligne watch, inasmuch as when cased as an 11-ligne watch (which was the former practice of this importer) the rotor after a period of use would tend to rub against the inside of the case due to the weakening and sagging of the pin which held it in place.

As guideposts to the proper interpretation of the language of paragraph 367 (h), regarding the method prescribed by Congress for determining the width of watch movements, we resort to the cases of *United States* v. *Invicta Seeland, Inc.*, 25 C. C. P. A. (Customs) 300, T. D. 49397, and *United States* v. *Helbros Watch Co. and Emil Leichter*, 38 C. C. P. A. (Customs) 1, C. A. D. 430.

In the *Invicta* case, *supra*, the appellate court stated in part as follows:

It is fair to assume that Congress considered the pillar plate as the basic feature of a watch movement, for in paragraph 367 (c) (2) it is provided that pillar plates shall be subject to one-half the amount of duty which would be borne by the complete movement. Bearing in mind that the pillar plate is the foundation plate upon which nearly all of the different parts of the movement are erected or built, it is plain that the size of the various parts of a movement, generally speaking, is dependent upon the size of the pillar plate. Therefore it seems reasonable to conclude that Congress intended in paragraph 367 (h) that only the pillar plate should be measured, and only so much thereof as was essential to the functioning of the movement, *regardless of the case in which it is to be placed*; that is to say, only

so much thereof as was reasonably necessary for the attachment thereto of the other parts of the movement which are normally attached to the pillar plate.

Obviously, this would exclude from the measurement the length of the stem, which is no part of the pillar plate, and the width of the shoulders, which are necessary only for the encasing of the movement.

\* \* \* \* \* \* \*

\* \* \* Having in mind the object of Congress in determining the width of a watch movement, we can see no purpose in measuring the shoulders or stems, for the width of the former and the length of the latter have no necessary relation to the size of the principal parts of a watch movement. A movement with wide shoulders and a long stem may have smaller parts than another movement with narrower shoulders and a shorter stem.

*We do not think that, in providing for the measurement of a watch movement, Congress was at all concerned with such movement being fitted into a case,* for the relative size of movements could be much more accurately ascertained without regard to the stem or the shoulders of the pillar plate. [Italics added.]

The decision in the *Helbros Watch* case, *supra,* although not concerned with the width of shoulders or the length of the stem but, rather, with certain indentations necessary for adjustment purposes, followed the principles laid down in the *Invicta* case, *supra,* in deciding that the measurement of the pillar plate shall be sufficient to accommodate all the parts essential to the functioning of the movements.

In the light of the foregoing judicial interpretations of the language of Congress contained in paragraph 367 (h), we consider the evidence presented by plaintiff to be inadequate to support its contentions. As stated above, plaintiff's evidence was directed to a showing that an 11½-ligne rather than a 11-ligne pillar or bottom plate was necessary in order that the movement, *when cased,* would function. The *Invicta* case, *supra,* clearly held that the test to be applied is not whether the movement will function in its case but that the pillar plate shall be of sufficient diameter for the functioning of the movement.

The further evidence adduced by plaintiff to the effect that previous experience with the casing of similar movements constructed on an 11-ligne pillar or bottom plate, represented by exhibit 6, has not been commercially practicable is likewise not compelling. The testimony in this regard is to the effect that after a period of use the pin suspending the rotor in an 11-ligne watch would wear, causing the rotor to sag and rub against the inside of the watchcase. However, it is a well-settled principle of customs law that merchandise is to be classified in its condition as imported. What occurs after importation is no concern of the classifying officer.

Moreover, there is uncontroverted evidence to the effect that the parts of the movements comprising exhibit 6 and exhibit 1 are interchangeable, except for the pillar or bottom plates. The plate of exhibit 6 has shoulders added thereto, whereas the plate of exhibit 1 is of larger diameter, due to the width of the fence around the perimeter

of the plate which serves as a convenience in casing. Inasmuch as the functioning parts of the movements to be attached to both pillar or bottom plates are interchangeable, it would be error for the court to hold that different rates of duty should apply predicated on the varying diameter of the pillar plates, when it has been judicially construed, as indicated, *supra*, that only so much of the pillar or bottom plate shall be measured as is sufficient to accommodate all the parts essential to the functioning of the movement.

On the record before us and in the light of the authorities above cited, we are clearly of the opinion that plaintiff has failed to establish that the measurement of the watch movements in controversy, as claimed by it, fulfills the requirements of paragraph 367 (h), as construed by our appellate court in the *Invicta* case, *supra*.

The protest is overruled, and judgment will be entered accordingly.